Thomas J. Salerno (AZ Bar No. 007494)
tsalerno@ssd.com
George Brandon (AZ Bar. No. 017947)
gbrandon@ssd.com
Brian Cabianca (AZ Bar No. 016410)
bcabianca@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
Two Renaissance Square
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004-4498
(602) 528-4000
Attorneys for Coyotes Hockey, LLC

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>DEWEY RANCH HOCKEY, LLC,<br>COYOTES HOLDINGS, LLC,<br>COYOTES HOCKEY, LLC, and<br>ARENA MANAGEMENT GROUP, LLC,<br>Debtors.<br><br>────────────────────────────<br>THE CITY OF GLENDALE,<br>Plaintiff,<br>vs.<br>COYOTES HOCKEY, LLC,<br>Defendant<br><br>This Filing Applies to:<br>  ☐  All Debtors<br>  ■  Specified Debtors | Case No.   2:09-bk-09488<br>         2:09-ap-00540-RTBP<br><br>(Jointly Administered)<br><br><br><br>**ANSWER AND COUNTERCLAIMS** |

| |
|---|
| COYOTES HOCKEY, LLC,<br><br>        Counterclaimant,<br><br>VS.<br><br>THE CITY OF GLENDALE,<br><br>        Counterdefendant. |
| This Filing Applies to:<br><br>    ☐    All Debtors<br>    ■    Specified Debtors |

Defendant COYOTES HOCKEY, LLC ("Coyotes Hockey") for its Answer to plaintiff's Complaint, denies each allegation not expressly admitted below, and admits, denies and affirmatively alleges as follows:

1. Coyotes Hockey admits that it is a professional franchise of the National Hockey League and that it is one of the parties to the Arena Management, Use and Lease Agreement executed on November 29, 2001 (the "Lease"). Coyotes Hockey refers to the Lease for a more particular statement of its terms and denies any allegations inconsistent therewith. Coyotes Hockey lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 1 of the Complaint.

2. Coyotes Hockey denies the allegations contained in paragraph 2 of the Complaint.

3. Coyotes Hockey denies the allegations contained in the first sentence of paragraph 3 of the Complaint. As to the remaining allegations, the Lease speaks for itself, and Coyotes Hockey denies any allegations inconsistent therewith.

4. Coyotes Hockey lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint.

5. Coyotes Hockey admits that it is a Delaware limited liability company and

that it does business at 6751 N. Sunset Boulevard, Suite 200, Glendale, Arizona.

6. Coyotes Hockey admits the allegations contained in paragraph 6 of the Complaint.

7. Coyotes Hockey admits the allegations contained in paragraph 7 of the Complaint.

8. Coyotes Hockey admits the allegations contained in paragraph 8 of the Complaint.

9. Coyotes Hockey admits the allegations contained in paragraph 9 of the Complaint.

10. Coyotes Hockey admits that the NFL's Arizona Cardinals play home games in Glendale, and that Glendale was the site of the NFL's 2008 Super Bowl. Glendale also has hosted the Tostitos Fiesta Bowl, a BCS Championship game, and NCAA Division I Men's Basketball games. Coyotes Hockey lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 10 of the Complaint.

11. Coyotes Hockey admits the allegations contained in paragraph 11 of the Complaint.

12. Coyotes Hockey admits the allegations contained in paragraph 12 of the Complaint.

13. Coyotes Hockey lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint.

14. Coyotes Hockey lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint.

15. In response to paragraph 15 of the Complaint, Coyotes Hockey admits that it and the City of Glendale (the "City") are two of the parties to the Lease, which was entered into on November 29, 2001. As to the remaining allegations, the Lease speaks for itself, and Coyotes Hockey denies any allegations inconsistent therewith.

16. Coyotes Hockey denies any allegations contained in paragraph 16 of the Complaint that are inconsistent with the Lease, and refers to the Lease for a more

3

particular statement of its terms.

17. Coyotes Hockey denies any allegations contained in paragraph 17 of the Complaint that are inconsistent with the Lease, and refers to the Lease for a more particular statement of its terms.

18. Coyotes Hockey denies any allegations contained in paragraph 18 of the Complaint that are inconsistent with the Lease, and refers to the Lease for a more particular statement of its terms.

19. Coyotes Hockey denies any allegations contained in paragraph 19 of the Complaint that are inconsistent with the Lease, and refers to the Lease for a more particular statement of its terms.

20. Coyotes Hockey denies any allegations contained in paragraph 20 of the Complaint that are inconsistent with the Lease, and refers to the Lease for a more particular statement of its terms.

21. Coyotes Hockey denies any allegations contained in paragraph 21 of the Complaint that are inconsistent with the Lease, and refers to the Lease for a more particular statement of its terms.

22. Coyotes Hockey lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint.

23. Coyotes Hockey lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint.

24. Coyotes Hockey lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint.

25. Coyotes Hockey denies any allegations contained in paragraph 25 of the Complaint that are inconsistent with the Lease, and refers to the Lease for a more particular statement of its terms.

26. Coyotes Hockey admits that it has played its home games in what is now known as Jobing.com Arena (the "Arena") in accordance with the Lease.

27. Coyotes Hockey admits that it has used the Arena pursuant to the Lease, but lacks sufficient knowledge or information to form a belief as to the truth or falsity of

the remaining allegations contained in paragraph 27 of the Complaint.

28.     In response to paragraph 28 of the Complaint, Coyotes Hockey admits that many fans are proud of Wayne Gretzky's affiliation with Coyotes Hockey.

29.     In response to paragraph 29 of the Complaint, Coyotes Hockey admits that it has played on average a minimum of 41 games per season at the Arena and that the regular season stretches from October to April.

30.     Coyotes Hockey denies the allegations contained in paragraph 30 of the Complaint.

31.     Coyotes Hockey denies the allegations contained in paragraph 31 of the Complaint.

32.     In response to paragraph 32 of the Complaint, Coyotes Hockey asserts that the Economic Impact Study referenced in the Complaint speaks for itself, and Coyotes Hockey denies any allegations in the Complaint inconsistent therewith.

33.     In response to paragraph 33 of the Complaint, Coyotes Hockey asserts that the Economic Impact Study referenced in the Complaint speaks for itself, and Coyotes Hockey denies any allegations in the Complaint inconsistent therewith.

34.     Coyotes Hockey lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the Complaint.

35.     Coyotes Hockey denies the allegations contained in paragraph 35 of the Complaint.

36.     Coyotes Hockey admits the allegations contained in paragraph 36 of the Complaint.

37.     Coyotes Hockey admits the allegations contained in paragraph 37 of the Complaint.

38.     Coyotes Hockey denies the allegations contained in paragraph 38 of the Complaint.

39.     In response to paragraph 39 of the Complaint, Coyotes Hockey asserts that the Debtors' sale motion speaks for itself, and Coyotes Hockey denies any allegations in the Complaint inconsistent therewith.

40. Coyotes Hockey denies the allegations contained in paragraph 40 of the Complaint.

41. Coyotes Hockey denies the allegations contained in paragraph 41 of the Complaint.

42. Coyotes Hockey denies the allegations contained in paragraph 42 of the Complaint.

43. In response to paragraph 43 of the Complaint, Coyotes Hockey incorporates its responses to the previous allegations of the Complaint and denies any allegations inconsistent therewith.

44. Coyotes Hockey denies the allegations contained in paragraph 44 of the Complaint.

45. Coyotes Hockey denies the allegations contained in paragraph 45 of the Complaint.

46. Coyotes Hockey admits that Glendale is part of the greater Phoenix metropolitan area, which is the fifth largest metropolitan area in the country. Coyotes Hockey denies the remaining allegations contained in paragraph 46 of the Complaint.

47. Coyotes Hockey denies any allegations contained in paragraph 47 of the Complaint that are inconsistent with the Lease, and refers to the Lease for a more particular statement of its terms.

**COUNT I (Breach of Team Use Covenant)**

48. Paragraph 48 of the Complaint contains no substantive allegation requiring a response.

49. Coyotes Hockey denies the allegations contained in paragraph 49 of the Complaint.

50. Coyotes Hockey denies the allegations contained in paragraph 50 of the Complaint.

51. Coyotes Hockey denies the allegations contained in paragraph 51 of the Complaint.

52. Coyotes Hockey denies the allegations contained in paragraph 52 of the

Complaint.

53. Coyotes Hockey denies the allegations contained in paragraph 53 of the Complaint.

54. Coyotes Hockey denies the allegations contained in paragraph 54 of the Complaint.

## **AFFIRMATIVE DEFENSES**

55. For its affirmative defenses, Coyotes Hockey states as follows:

   a. Plaintiff's Complaint fails to state a claim upon which relief may be granted;

   b. Plaintiff's claims are barred by Plaintiff's failure to satisfy all requisite conditions precedent in the Lease;

   c. Plaintiff's claims are barred pursuant to the doctrines of laches, estoppel and waiver;

   d. Plaintiff's claims are subject to setoff and/or recoupment;

   e. Plaintiffs' claims are barred by the doctrine of unclean hands;

   f. The Lease is subject to reformation to the extent that the Lease or any amendments thereto were entered into under unilateral or mutual mistake;

   g. Plaintiff failed to in good faith renegotiate the Lease with Coyotes Hockey when it became apparent that the parties were unilaterally or mutually mistaken about material elements of the Lease;

   h. Plaintiff's claims are barred, in whole or in part, because plaintiff failed to mitigate its damages; and

   i. Plaintiff's injuries and damages, if any, were caused by its own actions, and any damages must be accordingly reduced or denied.

56. Coyotes Hockey reserves the right to amend and supplement these affirmative defenses as further proceedings may warrant.

**WHEREFORE**, Coyotes Hockey respectfully request that the Court enter judgment in its favor and against Plaintiff as follows:

   a. Dismissing Plaintiff's Complaint in its entirety, with prejudice;

  b. Awarding Coyotes Hockey its costs and attorneys' fees for this action pursuant to any applicable and statutory provisions, including without limitation A.R.S. § 12-341.01; and

  c. For such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS

Coyotes Hockey, LLC ("Coyotes Hockey") for its counterclaims, alleges as follows:

57. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(1), 157(b)(2)(A), 157(b)(2)(C), 157(b)(2)(O), 1334, and as alleged in plaintiff's Complaint.

58. This Court also has jurisdiction over these counterclaims pursuant to, *inter alia*, Fed. R. Civ. P. 13.

59. Venue in this Court is proper, as alleged in plaintiff's Complaint.

60. Coyotes Hockey and the City of Glendale (the "City"), among other parties, entered into the Arena Management, Use, and Lease Agreement (the "Lease") on November 29, 2001.

61. Throughout the course of the Lease, the City has refused to pay Coyotes Hockey hundreds of thousands of dollars for benefits Coyotes Hockey conferred on the City.

62. Specifically, the City has refused to pay Coyotes Hockey $644,000 for use of a suite in what is now known as Jobing.com Arena (the "Arena") from 2005 through 2009.

## COUNT ONE
### (Breach of Contract)

63. All allegations in the previous paragraphs are incorporated as if fully set forth herein.

64. At all times relevant hereto, Coyotes Hockey performed all of its duties and obligations under the Lease.

65. The Lease includes provisions related to the use of and revenues generated from the use of suites in the Arena.

8

66. Section 5.13(a) of the Lease provides that Coyotes Hockey "shall have the sole and exclusive right to enter into contracts or agreements for the license and/or use of Suites during the Agreement Term (each a '**Suite License Agreement**') … [and] shall have the sole and exclusive right to receive … all Suite License Revenues."

67. Section 5.13(a)(v) of the Lease provides that "[t]he City shall have the right to use one (1) Suite at a location to be agreed upon from time to time by the City, the Arena Manager, and the Team … at no cost to the City."

68. In accordance with the Lease, Coyotes Hockey provided the City with one suite for use free of charge.

69. Shortly after the Arena was completed, the City requested that the single suite allotment provided by Coyotes Hockey under the Lease be expanded by adding a second suite.

70. Pursuant to the parties' agreement and in accordance with the Lease, Coyotes Hockey provided one suite free of charge, and the City agreed to pay the annual fee for the other suite.

71. Coyotes Hockey invoiced the City for the fees for the additional suite, but the City has not paid the invoices.

72. As a proximate cause of the City's breaches as described above, Coyotes Hockey has been damaged in an amount to be determined at trial, but no less than $644,000.

73. Coyotes Hockey's claims herein arise out of contract. Coyotes Hockey, therefore, is entitled to an award of costs, expenses and attorneys' fees incurred herein pursuant to A.R.S. §12-341.01.

## COUNT TWO

### (Breach of the Covenant of Good Faith and Fair Dealing)

74. All allegations in the previous paragraphs are incorporated as if fully set forth herein.

75. Pursuant to Arizona law, all contracts contain an implied covenant of good faith and fair dealing.

9

76. Contrary to its duty to act in good faith, the City deprived Coyotes Hockey of the benefits of the bargain by using the second suite in the Arena and refusing to pay for the use of that suite, as described above.

77. As a proximate cause of the City's breaches, Coyotes Hockey has been damaged in an amount to be determined at trial, but no less than $644,000.

78. Coyotes Hockey's claims herein arise out of contract. Coyotes Hockey, therefore, is entitled to an award of costs, expenses and attorneys' fees incurred herein pursuant to A.R.S. §12-341.01.

## COUNT THREE
### (Unjust Enrichment)

79. All allegations in the previous paragraphs numbered are incorporated as if fully set forth herein.

80. Coyotes Hockey has the sole and exclusive right to receive revenues from the use of suites at the Arena.

81. As described above, since 2005 the City has used the second suite at the Arena without compensating Coyotes Hockey for the use of the suite.

82. The City was enriched, and Coyotes Hockey was consequently impoverished, by the City's use of the second suite and failure to pay for its use of the second suite.

83. The City was not justified in using the second suite free of charge and refusing to pay Coyotes Hockey for the use of the second suite.

84. In the event that Coyotes Hockey has no legal remedy to redress the City's refusal to reimburse Coyotes Hockey for the City's use of the second suite, the equitable remedy of unjust enrichment is appropriate.

85. As a proximate cause of the City's acts, Coyotes Hockey has been damaged in an amount to be determined at trial, but no less than $644,000.

## PRAYER FOR RELIEF

**WHEREFORE**, Coyotes Hockey, LLC requests that judgment be entered on its behalf and against the City of Glendale as follows:

A. For actual and consequential damages, the amount of which will be proven at trial, and/or as a setoff and/or recoupment to the City of Glendale's claims;

B. For pre-judgment and post-judgment interest at the maximum rate allowed by law;

C. For an award of Coyotes Hockey LLC's costs and expenses incurred in connection with this action, including its reasonable attorneys' fees pursuant to A.R.S. § 12-341.01; and

D. For such other relief as may be deemed appropriate by the Court.

RESPECTFULLY SUBMITTED this 29th day of June, 2009.

    Squire, Sanders & Dempsey L.L.P.
    By: */s/ Sara Regan*
    Thomas J. Salerno
    George Brandon
    Brian Cabianca
    40 North Central Avenue, Suite 2700
    Phoenix, AZ 85004-4498
    Attorneys for Coyotes Hockey, LLC

I hereby certify that on June 29, 2009, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants. This document was also sent via U.S. Mail to:

Cathy L. Reece
Andrew M. Federhar
Nicolas B. Hoskins
3003 N. Central Avenue, Suite 2600
Phoenix, AZ 85012

William R. Baldiga
Paul W. Shaw
Brown Rudnick LLP
One Financial Center
Boston, Massachusetts 02111

11

Edward M. Zachary
Bryan Cave LLP
2 N. Central Ave., Suite 2200
Phoenix, AZ 85004

Steven M. Ambramowitz
Vison & Elkins, LLP
666 Fifth Ave., 26th Floor
New York, NY 10103

Donald L. Gaffney
Snell & Wilmer, LLP
One Arizona Center
Phoenix, AZ 85004

C. Taylor Ashworth
Alan A. Meda
Stinson, Morrison Hecker LLP
1850 N. Central Ave., Suite 2100
Phoenix, AZ 85004

J. Gregory Milmoe
Shepard Goldfein
Skadden, Arps, Slate, Meagher & Flom LLP
4 Times Square
New York, NY 10036

Anthony W. Clark
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
Wilmington, DE 19899

Lori Lapin Jones
Lori Lapin Jones PLLC
98 Cutter Mill Road, Suite 201 North
Greater Neck, NY 11021

| | |
|---|---|
| 1 | Albert Turi |
| | General Counsel |
| 2 | BWD Group LLC |
| 3 | BWD Plaza |
| | P.O. Box 9050 |
| 4 | Jericho, NY 11753-8950 |
| 5 | |
| 6 | */s/Jennifer Taft* |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |